The opinion of the court was delivered by
DeBlanc, J.
The city of New Orleans opposes the account filed by the executor of the last will of J. W. Zacharie, for the reason that he refused to class it as a creditor of said succession for the taxes of 1860, 1861, 1862, 1863, 1864, 1865, 1870, 1871, 1873, 1874, 1875, 1876, ;and 1877. It prays that the lien securing the payment of said taxes be recognized, and that they be paid in preference to every claim carried in the executor’s account. This opposition was filed on the 14th of August 1877.
In bar of the city’s action for the taxes due before 1867, the executor pleads the prescription of one, two and ten years. His plea was sustained by the lower court and the city has appealed.
*1261 On the trial of its opposition, the counsel representing the city offered in evidence the tax-bills made out for the years anterior to 1867. That evidence was improperly excluded ; but said bills are transcribed in the record and can be considered by us as if they had been regularly admitted by the lower court.
Our attention is called to the fact that some of those bills have been filed in court in 1865,1866 and 1873, and we are asked to infer from that fact that they have been sued upon and that judgments may have been obtained thereon. This we can not do : if such suits had been brought and such judgments obtained, the city attorney would not have failed to introduce copies of the same.
The counsel who now represents the city contends that — since 1856— the action which it has for the recovery of taxes levied within its limits is imprescriptible, and — to sustain his position — he i elies on a section of the charter which provides : “ that taxes assessed under and by virtue of this act, on the property, real or personal, of any person or corporation, are hereby declared to be a lien and privilege upon the said property, to date from the first day of March of the year for which they may be assessed, any alienation thereof or incumbrance thereon notwithstanding; and said lien or privilege shall exist in favor of the City of New Orleans, for the respective amount of taxes assessed until the same shall be eully paid ; and the same shall be paid in preference to all mortgages and incumbrances other than taxes due the State.”
The property on which were assessed the taxes, the amount of which is claimed by the city, has been sold under orders of the second district court, and it is clear that any right which it may have had on said property was transferred from it to the proceeds of the sale.
Is the city entitled to be paid, by preference to every creditor, out of the proceeds of the sale of said property? The lower court correctly held that. — as concerns the taxes levied before 1867 — the city is not entitled to the preference it claims.
So far as we are informed by the record, the first and only demand made by the city for the taxes which it alleges are due to it, was made after the death of Zaeharie, after the judicial sale of the property which belonged to his succession, and that was in 1877. The lower court sustained th'e city’s opposition as to the taxes which were levied in and from 1870, and dismissed its opposition as to those taxes which were levied prior to 1867, and which had been due and exigible for upwards of ten years, when the city applied to the second district court to compel the executor of Zacharie’s will to class it in his account as a creditor of said deceased’s estate, for the taxes assessed on his property from 1860 to 1877.
It is said that, under a special provision of the city charter, the tax *1262 Is to remain a lien on the property subject to it until the tax is' paid in full, and that the terms of said provision exclude the idea of any limitation to the right of enforcing that lien, at any time, against any one and under all circumstances. That too broad construction would — as regards the city of New Orleans — amount to a judicial abrogation of the laws which fix the prescription of debts and actions, impart to its tax liens a dangerous immortality, and encourage — in the collection of its annual revenue — a negligence far more injurious to its interests than the prescription invoked against it.
In the case of Pepper against Dunlap, this court said : “ Under the Spanish law, property could be acquired by prescription against the crown &c, and — under our Code — we find no express exception in favor of the State. In Graham, Auditor, against Tignor & als, it was held, and we adhere to those decisions, that the current of prescription is not impeded by the fact that the suing creditor is the State. Those decisions are based on the article of our Code which declares “ that prescription runs against all persons, unless they are included in some exceptions established by law.” The corporation of New Orleans — as the State— is a body politic, and — in law — an intellectual person, and — as it may acquire and be released by prescription, there is no reason why it should be excepted from its effects and operation, when it appears in a court of ■justice and claims as a creditor. In this instance, its action is barred by the lapse of ten years. C. C. 3521 (3487); 3544 (3508); 9 A. 137 ; 23 A. 570.
It is, therefore) ordered, adjudged and decreed that the judgment of the lower court is affirmed with costs.